**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM M. TEZAK,<br>Plaintiff,<br>v.<br>CITY OF SUSANVILLE, et. al.,<br>Defendants. | No. 2:26-cv-0082-TLN-DMC<br><br>ORDER |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) City of Susanville, (2) Dan Newton, City of Susanville Manager, (3) Michael Begoia-Bollinger, City of Susanville Police Chief, (4) Erica Tassone, City of Susanville Reserve Police Officer, (5) Dow Davis, a City of Susanville building official; (6) Kelly Mumper, a City of Susanville planning official; (7) Cody Loflin, City of Susanville Municipal Code Enforcement Officer; (8) Susanville Police Department (SPD), (9) Frank Antonio Maino, and (10) Does one through forty. See ECF No. 1, pgs. 8-9. Plaintiff presents twenty-nine claims for relief.

Plaintiff alleges that on January 19, 2024, at approximately 9:00 a.m., SPD arrested Plaintiff, then searched and seized his property without a warrant or probable cause, in retaliation for Plaintiff filing a citizen misconduct charge. See id. at 18, 37. Plaintiff states that he has a vested property interest where the search and seizure occurred. See id. at 26. Plaintiff states Defendant Bollinger initiated the arrest on a "hunch" hoping to find some sort of criminal liability. See id. at 37. Plaintiff states Defendant Bollinger is engaged "in a scheme of policing for profit" where he manufactured asset forfeitures to take Plaintiff's property. See id. at 37-38. Plaintiff states after the arrest he was subjected to a harassing interrogation, and unlawfully detained. See id. at 38.

Next, Plaintiff alleges that Defendant Bollinger has an official policy allowing SPD officers to seize and imprison a person without a warrant if that officer has probable cause and one or more of three conditions exist. See id. at 36. First, the seized person's unlawful conduct is witnessed and reported by a third person or police officer. See id. Second, "[t]he driver's license for the vehicle's driver is suspended or revoked." Id. Third, the driver is operating a vehicle that lacks an interlock device, when the driver is only authorized to operate vehicles with an interlock device. See id.

Plaintiff claims that Defendant Newton conducted an impound hearing for the seized property, then refused to release Plaintiff's property after knowing it belonged to Plaintiff. See id. at 23-24. Plaintiff contends that, on an unspecified date, Defendant Marino trespassed onto property owned by the Tezak Family Trust, where Defendant Marino falsely reported a

crime to the police. See id. at 28. The property is located at 105 Russell Ave., Susanville California 96310. See id. Plaintiff also states that one Doe Defendant is a deputy of the Pinal County Sheriff's Office, who "issued the notice of seizure and forfeiture on the Suburban, Cargo Trailer and personal Shop Equipment after consulting with Defendant Bolliger." See id. at 30. Plaintiff states that all other Doe Defendants, Does one through forty, are "in some manner responsible for the acts hereinafter set forth." See id.

Based on these allegations, Plaintiff asserts seven federal claims as follows:

| | |
|---|---|
| Count I | Declaratory Judgement; 28 U.S.C §§ 2201-2202. |
| Count I(a) | Crime of Moral Turpitude in deprivation of rights under color of law; 18 U.S.C §§ 241-242. |
| Count I(b) | Crime of Conspiracy against rights under color of law; 18 U.S.C § 241. |
| Count I(c) | Crime of Deprivation of rights under color of law; 18 U.S.C § 242. |
| Count II | Preliminary and permanent injunctive relief; 42 U.S.C §§ 1983-1986 |
| Count III | Conspiracy to Deprive Plaintiff of his Liberty Interest; 42 U.S.C. § 1983, First Amendment |
| Count IV | Unreasonable Search and Seizure; 42 U.S.C. § 1983, Fourth Amendment. |
| Count V | Violation of Procedural Due Process Rights; 42 U.S.C. § 1983, Fourteenth Amendment. |
| Count VI | Violation of Equal Protection Rights; 42 U.S.C. § 1981, Fourteenth Amendment. |
| Count VII | Negligent Supervisory Hiring, Supervision, and Retention; 42 U.S.C. § 1983, Fourteenth Amendment. |

See id. at 10-11.

Plaintiff also asserts various pendant/supplemental jurisdiction claims as follows:

| | |
|---|---|
| Count I | Equitable Claim for Declaratory Judgment; CCP § 1060. |
| Count I(a) | Crime of Moral Turpitude in deprivation of rights under color of law; 18 U.S.C §§ 241-242. |
| Count I(b) | Crime of Assault under color of law; Cal. Penal Code [no section]. |
| Count I(c) | Crime of Batter under color of law; Cal. Penal Code [no section]. |

| | |
|---|---|
| Count I(d) | Crime of Trespass under color of law; Cal. Penal Code § 602. |
| Count I(e) | Crime of Aiding and Abetting under color of law; Cal. Penal Code [no section]. |
| Count I(f) | Criminal Harassment; CPC § 200. |
| Count I(g) | Criminal Assault; CPC § 00. |
| Count I(h) | Criminal Batter; CPC § 00. |
| Count I(i) | Criminal Kidnapping; CPC § 00. |
| Count I(j) | Criminal False Imprisonment; CPC § 00. |
| Count I(k) | Criminal False Reporting of a Crime; CPC § 148.5. |
| Count I(l) | Criminal Aiding and Abetting Crimes. |
| Count I(m) | Criminal Conspiracy; CPC [no section]. |
| Count I(n) | Criminal Perjury; CPC § 199.520. |
| Count II | Equitable Claim for Injunctive Relief; CCP § 526. |
| Count III | Violation of California Constitution, Invasion of Privacy – False Light; Cal. Const. art. I § 1. |
| Count IV | Violation of California Constitution, Unreasonable Search and Seizure of Property; Cal. Const. art. I § 1. |
| Count V | Violation of California Constitution, Denial of Equal Protection of Law; Cal. Const. art. I § 7. |
| Count VI | Violation of California Bane Act; Cal. Civil Code § 52.1. |
| Count VII | Violation of California Ralph Act; Cal. Civil Code § 51.7. |
| Count VIII | General Negligence, Personal Injury; CPC § 51.7. |
| Count IX | Negligence Per Se; CPC § 41.745. |
| Count X | Negligence via Strict Liability; CPC § 41.475. |
| Count XI | Negligence Under Respondeat Superior; CPC § 41.000. |
| Count XII | Negligence for Failure to Intervene; CCC § 41.745. |
| Count XIII | Negligent Hiring, Supervision and Failure to Warn and/or Prevent; CPC § 41.745. |
| Count XIV | Negligent Infliction of Emotional Distress; CCC § 41.745. |
| Count XV | Intentional Elder Abuse; CCC § 200.5099. |

Count XVI Intentional Assault; CCC § 41.745.

Count XVII Intentional Battery; CPC § 41.745.

Count XVIII Intentional False Imprisonment; CCC § 41.745.

Count XIX Trespass to Real Property.

Count XX Trespass to Chattel.

Count XXI Unlawful Conversion of Personal Property.

Count XXII Negligence Supervision and Retention.

See id. at 11-13.

## II. DISCUSSION

The Court finds Plaintiff's claims are not cognizable as currently pleaded. As explained below, some of Plaintiff's claims are factually insufficient, while others are legally insufficient. Plaintiff will be provided with the option of filing a first amended complaint addressing the defects outlined in this order.

### A. Pleading Standard

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

/ / /

/ / /

/ / /

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's seventy-four page complaint alleges forty-six claims against ten defendants, none of which are supported by factual allegations or a causal link between the facts and the defendant such that a defendant would have fair notice of the misconduct that is being alleged. This pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, Plaintiff's complaint would require the Court to comb through seventy-four pages of documents in order to even guess at plaintiff's claims. The Court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the Court – to formulate his claims. Nonetheless, the Court will below provide Plaintiff some guidance in preparing an amended pleading.

**B. <u>Factually Insufficient Claims</u>**

As noted above, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The following claims are factually insufficient because Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. The defects in these claims can be cured by amendment.

Federal claims:

| | |
|---|---|
| Count I | Plaintiff does not specify what declaratory judgment is sought. |
| Count II | Plaintiff does not specify what preliminary or permanent injunction is sought. |
| Count III | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count IV | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count V | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count VI | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count VII | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |

Pendant/supplemental jurisdiction claims:

| | |
|---|---|
| Count I | Plaintiff does not specify what that declaratory judgment is sought. |
| Count II | Plaintiff does not specify what injunctive relief is sought. |
| Count III | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count IV | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count V | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count VI | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count VII | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count XIX | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count XX | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count XXI | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |
| Count XXII | Plaintiff does not include specific factual allegations sufficient to show that the pleader is entitled to relief. |

### C. Legally Insufficient Claims

Federal Rule of Civil Procedure 8(a)(2) requires the claim "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell A. Corp. v. Twombly, 550 U.S. 544 (2007). The following claims are legally insufficient because Plaintiff claims relief under a legal authority which does not recognize a private cause of action, the legal authority does not exist, or the legal authority is not specified and cannot be accurately inferred from the content of the complaint. The defects in these claims cannot be cured by amendment.

Federal claims:

| | |
|---|---|
| Count I(a) | 18 U.S.C §§ 241-242 do not include a private cause of action upon which relief can be granted. |
| Count I(b) | 18 U.S.C § 241 does not include a private cause of action upon which relief can be granted. |
| Count I(c) | 18 U.S.C § 242 does not include a private cause of action upon which relief can be granted. |

Pendant/supplemental jurisdiction claims:

| | |
|---|---|
| Count I(a) | 18 U.S.C §§ 241-242 do not include a private cause of action upon which relief can be granted. |
| Count I(b) | Plaintiff appears to allege a violation of Cal. Penal Code but does not include a section number. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(c) | Plaintiff appears to allege a violation of Cal. Penal Code but does not include a section number. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(d) | Cal. Penal Code § 602 does not include a private cause of action upon which relief can be granted. |
| Count I(e) | Plaintiff appears to allege a violation of Cal. Penal Code but does not include a section number. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(f) | Plaintiff's claim rests upon "CPC § 200" which appears to mean Cal. Penal Code § 200, however Cal. Penal Code § 200 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(g) | Plaintiff's claim rests upon "CPC § 00" which appears to mean Cal. Penal Code § 00, however Cal. Penal Code § 00 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |

| | |
|---|---|
| Count I(h) | Plaintiff's claim rests upon "CPC § 00" which appears to mean Cal. Penal Code § 00, however Cal. Penal Code § 00 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(i) | Plaintiff's claim rests upon "CPC § 00" which appears to mean Cal. Penal Code § 00, however Cal. Penal Code § 00 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(j) | Plaintiff's claim rests upon "CPC § 00" which appears to mean Cal. Penal Code § 00, however Cal. Penal Code § 00 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count I(k) | Cal. Penal Code § 148.5 does not include a private cause of action upon which relief can be granted. |
| Count I(l) | Plaintiff alleges "Criminal Aiding and Abetting Crimes" but does not state the grounds upon which relief can be granted. |
| Count I(m) | Plaintiff alleges "Criminal Conspiracy" and appears to rest the claim upon Cal. Penal Code with no specific reference to a section number. Cal. Penal Code § 182 proscribes punishment for the crime of conspiracy but does not include a private cause of action upon which relief can be granted. |
| Count I(n) | Plaintiff's claim rests upon "CPC § 199.520" which appears to mean Cal. Penal Code § 199.520, however Cal. Penal Code § 199.520 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count VIII | Plaintiff's claim rests upon "CPC § 51.7" which appears to mean Cal. Penal Code § 51.7, however Cal. Penal Code § 51.7 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count IX | Plaintiff's claim rests upon "CPC § 41.745" which appears to mean Cal. Penal Code § 41.745, however Cal. Penal Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count X | Plaintiff's claim rests upon "CPC § 41.745" which appears to mean Cal. Penal Code § 41.745, however Cal. Penal Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XI | Plaintiff's claim rests upon "CPC § 41.000" which appears to mean Cal. Penal Code § 41, however Cal. Penal Code § 41 is repealed and does not relate to negligence or respondeat superior. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XII | Plaintiff's claim rests upon "CCC § 41.745" which appears to mean Cal. Civil Code § 41.745, however Cal. Civil Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |

| | |
|---|---|
| Count XIII | Plaintiff's claim rests upon "CPC § 41.745" which appears to mean Cal. Penal Code § 41.745, however Cal. Penal Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XIV | Plaintiff's claim rests upon "CCC § 41.745" which appears to mean Cal. Civil Code § 41.745, however Cal. Civil Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XV | Plaintiff's claim rests upon "CCC § 200.5099" which appears to mean Cal. Civil Code § 200.5099, however Cal. Civil Code § 200.5099 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XVI | Plaintiff's claim rests upon "CCC § 41.745" which appears to mean Cal. Civil Code § 41.745, however Cal. Civil Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XVII | Plaintiff's claim rests upon "CPC § 41.745" which appears to mean Cal. Penal Code § 41.745, however Cal. Penal Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |
| Count XVIII | Plaintiff's claim rests upon "CPC § 41.745" which appears to mean Cal. Penal Code § 41.745, however Cal. Penal Code § 41.745 does not exist. It is not clear from the language of the complaint what plaintiff alleges. |

## III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

/ / /

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 28, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE